## First Department, May, 1965

### (May 4, 1965)

The People of the State of New York, Respondent, v. Domingo Torres, Appellant.

Appeal from a judgment of the Supreme Court, Bronx County, rendered October 11, 1962, convicting defendant of the crime of assault, second degree.

*Per Curiam.* The question presented is whether it was prejudicial error to deny defendant an inspection of the Grand Jury minutes of the complainant in the course of the trial. The District Attorney concedes error but argues it was not prejudicial and hence under the stipulation herein dated March 16, 1965 and the cases *People* v. *Horton* (19 A D 2d 80) and *People* v. *Lluveras* (19 A D 2d 525) the judgment should be affirmed.

Under said stipulation of March 16, 1965 defense counsel was furnished with a copy of the Grand Jury testimony of the complainant and undertook after the examination thereof to set forth the prejudicial inconsistencies, if any. The stipulation reads, in part, as follows: " That defendant's counsel will peruse those minutes and if counsel finds that the omission to have furnished defendant those minutes during the trial was not prejudicial, then the defendant withdraws any objection which was raised upon the instant appeal to the fact that the People had omitted to furnish defendant with those minutes at trial. If, on the other hand, defense counsel determines from reading the Grand Jury minutes of Mary Hefele that there were inconsistencies then he shall set forth what he claims the inconsistencies to be and in what manner defendant was prejudiced thereby."

Defendant's attorney by letter dated March 26, 1965 asserts " that the testimony of the victim [complainant] of this assault on pages 4 and 5 of the said Grand Jury minutes, appear[s] to be inconsistent with the appellant's testimony on pages [numbered] of the Trial Record ".

Our examination of pages 4 and 5 of the Grand Jury minutes establishes that the complainant testified she entered defendant's apartment with a relief check; that defendant and his wife were present; that defendant " grabbed " the check and accused the complainant of making a statement to the effect that the doctor had said the defendant could work; that the complainant

departed from the apartment followed by the defendant who threw the check to the floor of the corridor; that as complainant was reaching for the check defendant seized her by her hair and pushed her forcibly down the stairway.

The facts set forth in defendant-appellant's brief establish that complainant testified on the trial substantially as before the Grand Jury. Our examination of the portions of the trial record adverted to in said letter dated March 26, 1965 shows the testimony is of the complainant, and not the appellant, and that her said testimony and her Grand Jury testimony are substantially alike. In the circumstances we find defendant has failed to establish prejudicial error.

The judgment should be affirmed.

McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ., concur.

Judgment of conviction unanimously affirmed.